UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Deans, | ) | C/A No. 3:11-1584-CMC-JRM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| John MaGile, Dir. SCDMH; | ) | RECOMMENDATION |
| South Carolina Dept Mental Health, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, William Deans ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and Rule 57 of the Federal Rules of Civil Procedure. Plaintiff also files this action *in forma pauperis* under 28 U.S.C. § 1915.[1] Plaintiff is civilly committed to the custody of the South Carolina Department of Mental Health pursuant to S.C. Code Ann. § 44-48-10, *et. seq*, as a sexually violent predator ("SVP"). ECF No. 1 at 3. Plaintiff challenges his transfer "to a private prison contractor for care, control, treatment, security, imprisonment." ECF No. 1 at 3. Plaintiff only seeks a declaratory judgment in the Complaint, but also files a motion for preliminary injunctive relief, in connection to his transfer. The Complaint should be dismissed for failure to state a claim upon which relief may be granted, and the Motion for Preliminary Injunction should be denied as moot.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

been conducted in light of the following precedents: *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam)*. A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear

failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff files a "complaint of conditions of confinement and for declaratory judgment" in connection to his transfer "to a private prison contractor for care, control, treatment, security, imprisonment." ECF No. 1 at 3. The Complaint only seeks declaratory relief, but Plaintiff also files a Motion for Preliminary Injunction, ECF No. 2. The Complaint claims jurisdiction under "FRCP Rule 57; 42 U.S.C. [§] 1983; 43 U.S.C. [§] 12181 Americans With Disabilities (ADA), and or 29 U.S.C. [§] 79 Rehabilitation Act (RA)." *Id.* Although the Complaint alleges Plaintiff is "immediately subject to be transferred," and "Defendants have threatened" transfer, it appears from the address provided by Plaintiff that the transfer at issue in this Complaint had already taken place at the time the Complaint was filed. *Id.* at 4-5; ECF No. 1-1 at 1 (envelope). Plaintiff complains of the more restrictive conditions at the "private prison," including less "SVP treatment and rehabilitation." *Id.* at 6. Plaintiff states he is "in great fear of his life," based on the potential for attack by other residents at the "private prison." *Id.* The complaint claims Plaintiff's 14th Amendment rights have been violated by denial of Equal Protection and Due Process. *Id.* at 7.

In the Complaint's prayer for relief, Plaintiff "moves this Court to issue a Declaratory Judgment as follows that the Defendants were wrong," and lists 11 actions (with some subcategories). *Id.* at 8-10. Basically, the "wrong" things Defendants have done, according to Plaintiff, are: unconstitutionally enter into a contractual agreement with a private prison; subject Plaintiff to threats of or cause his transfer to a private prison; place Plaintiff into an "extremely dangerous situation;" subject him to loss of rehabilitation "grant money;" not using federal grant

money and State budget SVP program money for rehabilitation, but instead, contracting with a private prison contractor; causing Plaintiff to be civilly committed longer than if he received full benefit of the aforesaid funding; violation of ADA, RA, and State Rehabilitation Act based on failure to receive the full benefit of funding. *Id*.

Plaintiff's Motion for Preliminary Injunction has the same basic claims and seeks to enjoin the Defendants from transferring Plaintiff to a private contractor, as well as enjoin the use of federal grant money and state funds intended for SVP care from being paid to a private company. ECF No. 2 at 4. In his Motion, Plaintiff claims irreparable injury from loss of therapeutic rehabilitation, more restrictive conditions, exposure to assault by non-SVP residents, and lengthier confinement. ECF No. 2.

## DISCUSSION

The Complaint seeks only declaratory relief declaring that Defendants, a state agency and the agency director, have violated Plaintiff's Fourteenth Amendment rights to equal protection and due process, as well as various federal and state statutory rights. The Complaint seeks a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure. Rule 57 governs "the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57. Under the Declaratory Judgment Act, a district court, in its discretionary authority, "may declare" the rights of interested parties. 28 U.S.C. § 2201(a); *See Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942). Thus, "district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998).

The declaratory judgment sought by Plaintiff is not declaratory relief in the true legal sense

as established by 28 U.S.C. § 2201 and governed by Rule 57. Plaintiff's Complaint is not an appropriate pleading which states the type of "case of actual controversy" required to invoke the jurisdiction of this Court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a). The Complaint requests "this Court to issue a Declaratory Judgment as follows that the Defendants were wrong," and then lists several ways Plaintiff believes Defendants violated his constitutional and statutory rights in relation to his transfer to a "private prison." ECF No. 1 at 8-10. "Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 F. App'x 475, 477 (7th Cir. 2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir. 2002); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed.1998)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Stokes v. Moorman*, C/A No. 9:10-1711-CMC-BM, 2010 WL 3862568 (D.S.C. August 17, 2010) (quoting *Johnson v. McCuskey*, 72 F. App'x at 478). Plaintiff is not entitled to the declaratory relief that he seeks in the instant Complaint because he does not ask the Court to define the parties' rights in the future, he seeks merely a declaration from the Court that the Defendants have already violated his rights. *See Abebe v. Richland County*, C/A No. 2:09-02469-MBS-RSC, 2009 WL 6582396 at *4 (D.S.C. Oct. 8, 2009) (plaintiff's request for declaratory judgment "misses the mark" when he asks the court for declarations that the acts and omissions described in the complaint have violated his rights under the constitution). *See also Wise v. United States*, C/A No. 6:09-1376-HFF-WMC, 2009 WL 3052608 at *5 (D.S.C. Sept. 23, 2009) ("Plaintiff's request in his amended complaint for a declaratory judgment is nothing more than a request to establish the liability of the defendants on

his claims. Plaintiff is not entitled to the 'declaratory' relief that he seeks."). Consequently, Plaintiff's Complaint, which only seeks a declaration of liability based on past actions, does not state a plausible claim for a declaratory judgment, and should be dismissed.

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff filed a Motion for Preliminary Injunction which will be moot upon dismissal of the Complaint. In fact, the motion is moot upon its face in that it seeks to enjoin the Defendants from transferring Plaintiff to a private prison. Because the Motion is moot, it should be denied.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process.

It is further recommended that the Plaintiff's Motion for Preliminary Injunction be denied as moot.

Joseph R. McCrorey
United States Magistrate Judge

August 10, 2011
Columbia, South Carolina

**The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).