IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| William Deans, | ) | C/A NO. 3:11-1584-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| John Magill, Dir., SCDHM; | ) | |
| South Carolina Department of Mental | ) | |
| Health, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to

42 U.S.C. § 1983 and Rule 57 of the Federal Rules of Civil Procedure.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this

matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings

and a Report and Recommendation ("Report"). On August 10, 2011, the Magistrate Judge issued

a Report recommending that this matter be dismissed without prejudice and without service of

process and that Plaintiff's motion for injunctive relief be deemed moot. The Magistrate Judge

advised Plaintiff of the procedures and requirements for filing objections to the Report and the

serious consequences if he failed to do so. Plaintiff filed objections to the Report on August 17,

2011. In the objections, Plaintiff withdrew his pending motion for injunctive relief. Additionally,

Plaintiff filed a motion to amend his complaint and a proposed amended complaint. ECF No. 13.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court adopts the conclusion of the Report that this matter should be dismissed without prejudice and without issuance and service of process.

Plaintiff has filed a motion to amend his complaint, together with a proposed amended complaint. Under the standards outlined in the Report, the court has reviewed Plaintiff's proposed amended complaint and finds that Plaintiff's motion to amend should be denied based upon futility.

The Supreme Court has construed the phrase "when justice so requires" in Rule 15(a) to preclude granting leave to amend when any of the following are found to exist: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

"Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (citations omitted). In assessing "futility," the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Id*.

Under Rule 12(b)(6), a motion to dismiss should be granted only when it appears that plaintiff can prove no set of facts in support of a claim that would entitle plaintiff to relief on that

claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). This principle only applies to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1950 (2009).

In the current case, Plaintiff names Defendants John Magill, Director of the South Carolina Department of Mental Health, both in his official and individual capacities, and the South Carolina Carolina Department of Mental Health (SCDMH). The SCDMH is not a "person" amenable to suit under § 1983. It is well-settled that an agency of the state is not a "person" within the meaning of § 1983, and thus is not a proper defendant. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Defendant SCDMH is dismissed from this action.

Plaintiff's proposed amended complaint against Magill seeks declaratory and injunctive, but not monetary, relief. Because Plaintiff seeks injunctive relief, Magill, acting in an official capacity, is a person under 42 U.S.C. § 1983, *Will*, 491 U.S. at 71 n.10, and "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Ex parte Young*, 209 U.S. 123 (1908)). Accordingly, a suit against Magill in his official capacity would be cognizable.

Plaintiff contends that SCDMH, with Magill's "direct personal control[] and knowledge," entered into an alleged unlawful contractual relationship with a "private prison contractor" which

has allegedly violated his constitutional rights in several ways, including his being "denied rehabilitation," and "the loss of a paying job equal" to certain other Sexually Violent Predators (SVPs).  ECF No. 13-1 at 4.  Plaintiff contends in a conclusory fashion that "[a]s a tax payer, Plaintiff has the right to seek remedy and recourse against Defendant[] who [has] falsely obtained and or abscond[ed] with federal grant money intended for the rehabilitation of Plaintiff by and through the SCDMH SVP treatment Program."  *Id*. at 5.[1]  Plaintiff also seeks injunctive relief in the form of an order prohibiting his transfer to another facility.  Plaintiff summarily alleges that these alleged actions by Magill are unconstitutional, and that he (Plaintiff) has been, or will be, damaged as a result.  *See* Proposed Amd. Compl. at 5.

As to the requested injunctive relief, Plaintiff's claim fails for two reasons.  First, Plaintiff provides no evidence that he has been transferred to another facility, nor is certain to be transferred.[2]  Moreover, Plaintiff has no protected constitutional interest in being housed in a particular institution, at particular custody level, or in a particular portion or unit of a facility.  *See Olim v. Wakinekona*, 461 U.S. 238 (1983) (inmates have no due process right to choose their specific place of confinement); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) (same).

As to Plaintiff's other claims, Plaintiff's assertions are, at most, allegations relating to state budgeting concerns and state statutes, which are not constitutional in nature.  Therefore, absent

---

[1]It is apparent from the proposed amended complaint that Plaintiff's contention is not that Magill actually took federal grant money but rather that under his direction such funds were used to pay for inmates to be housed at a contract facility.

[2]Throughout the pendency of this suit, Plaintiff remains housed in the Edisto Unit of Broad River Correction Institution.

separate viable claims providing jurisdictional grounds, they are subject to dismissal under 28 U.S.C. § 1367(c)(3).

Therefore, Plaintiff's motion to amend is **denied** on the basis of futility. This matter is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 27, 2011